UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN THE MATTER OF:

DANIEL MAXIM DADOUN            )
                               ) Chapter 7
        Debtor/Movant.         )
                               ) Case No. 10-80427
vs.                            )
                               ) Judge Joyce Bihary
DISCOVER BANK                  )
                               )
        Respondent.            )
                               )

## MOTION TO AVOID JUDICIAL LIEN

COMES NOW Debtor DANIEL MAXIM DADOUN in the above-styled case and shows the Court the following:

1.

This case commenced by the filing of a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code on July 14, 2010.

2.

This complaint is filed by Debtor under 11 U.S.C. Section 522(f) to avoid a judicial lien on property which Debtor may exempt. Debtor has scheduled $6,810.00 as exempt property in his petition. A copy Debtor's exemption schedule is attached hereto.

3.

Respondent DISCOVER BANK obtained a judicial lien against Debtor in the amount of approximately $7,955.00. Judgment was issued in Civil Action No. 09A4127-6 in the State Court of Cobb County, Georgia.

4.

The existence of Respondent's judicial lien on Debtor's property impairs the exemptions to which Debtor is entitled under 11 U.S.C. Section 522(b) and O.C.G.A. Section 44-13-100, et. seq.

WHEREFORE, Movant prays:

(a) That this Motion to Avoid Judicial Lien be set down for a hearing if necessary and inquiry therein be made;

(b) That all judicial liens in favor of Respondent that impair Debtor's exemption be voided and declared null and of no effect;

(c) That Debtor be allowed to remain in possession of and have clear title to all of that property formerly subject to Respondent's judicial lien; and

(d) That Debtor has such further relief as the Court deems appropriate and proper.

    /s/ Susan S. Blum
Susan S. Blum
Attorney for Debtor
Georgia Bar 111315

GINSBERG LAW OFFICES, P.C.
1854 Independence Square
Atlanta, GA 30338
(770) 393-4985

B6C (Official Form 6C) (4/10)

In re  **Daniel Maxim Dadoun**   ,   Case No.  **10-80427**
Debtor

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under: (Check one box)
- ☐ 11 U.S.C. §522(b)(2)
- ■ 11 U.S.C. §522(b)(3)

☐ Check if debtor claims a homestead exemption that exceeds $146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.)*

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Cash on Hand** | | | |
| Cash on hand | Ga. Code Ann. § 44-13-100(a)(6) | 100.00 | 100.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| Bank of America checking account | Ga. Code Ann. § 44-13-100(a)(6) | 710.00 | 710.00 |
| **Household Goods and Furnishings** | | | |
| Miscellaneous household goods and furniture, including bedroom set; living room set; kitchen table and chairs; pots and pans, dishes, cutlery; 2 television sets; desk; computer; audio and video equipment | Ga. Code Ann. § 44-13-100(a)(4) | 3,500.00 | 3,500.00 |
| **Wearing Apparel** | | | |
| Miscellaneous clothing | Ga. Code Ann. § 44-13-100(a)(4) | 800.00 | 800.00 |
| **Furs and Jewelry** | | | |
| Gold pocket watch | Ga. Code Ann. § 44-13-100(a)(5)<br>Ga. Code Ann. § 44-13-100(a)(6) | 500.00<br>100.00 | 600.00 |
| **Firearms and Sports, Photographic and Other Hobby Equipment** | | | |
| 1995 Santa Cruz mountain bike; Specialized Rubaix road bike | Ga. Code Ann. § 44-13-100(a)(6) | 1,100.00 | 1,100.00 |
| | Total: | 6,810.00 | 6,810.00 |

__0__ continuation sheets attached to Schedule of Property Claimed as Exempt

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN THE MATTER OF:

DANIEL MAXIM DADOUN             )
                                )   Chapter 7
        Debtor/Movant.           )
                                )   Case No. 10-80427
vs.                             )
                                )   Judge Joyce Bihary
DISCOVER BANK                   )
                                )
        Respondent.              )
                                )

## NOTICE OF REQUIREMENT OF RESPONSE TO A MOTION TO AVOID JUDICIAL LIEN ON EXEMPT PROPERTY AND OF TIME TO FILE SAME

**NOTICE IS HEREBY GIVEN** that a motion to avoid a lien on exempt property pursuant to 11 U.S.C. Section 522 has been filed in the above-styled case on July 23, 2010.

**NOTICE IS FURTHER GIVEN** that, pursuant to Local Rule 6008-1, NDGa., Respondent must file a response to the motion within twenty (20) days after service, exclusive of the day of service, and serve a copy of same on Movant. In the event that no response is timely filed and served, then the Bankruptcy Court may enter an Order granting the relief sought.

Dated and served on July 23, 2010.

/s/ Susan S. Blum
Susan S. Blum
Attorney for Debtor
Georgia Bar 111315

GINSBERG LAW OFFICES, P.C.
1854 Independence Square
Atlanta, GA 30338
(770) 393-4985

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN THE MATTER OF:

DANIEL MAXIM DADOUN                )
                                   )  Chapter 7
        Debtor/Movant.             )
                                   )  Case No. 10-80427
vs.                                )
                                   )  Judge Joyce Bihary
DISCOVER BANK                      )
                                   )
        Respondent.                )
                                   )

## CERTIFICATE OF SERVICE

The undersigned, Susan S. Blum, Attorney for Debtor, 1854 Independence Square, Atlanta, Georgia 30338 hereby certifies: That I am, and at all times hereinafter mentioned, was more than 18 years of age, and that on ___July 23, 2010___ , I served a copy of the within "Notice of Requirement of Response to Motion to Avoid Judicial Lien on Exempt Property and of Time to File Same" together with the "Motion to Avoid Judicial Lien" filed in this bankruptcy case on the above-named Respondent, by depositing same in a postage-paid envelope first-class U.S. Mail and/or filing electronically through the CM/ECF Noticing System upon said Respondent and other interested parties at:

Daniel Dadoun
2307 Valley View Drive, SE
Smyrna, GA 30080

Discover Financial Services
C T Corporation System
1201 Peachtree Street, NE
Atlanta, GA 30361

Discover
P.O. Box 19886
Wilmington, DE 19886

Denise Arnold
Zwicker & Associates
Three Oaks Office Park
965 Oakland Rd., Suite 3-D
Lawrenceville, GA 30044

Robert B. Silliman
Awtrey & Parker, PC
250 Lawrence Street
Marietta, GA 30060

U.S. Trustee
Richard Russell Federal Building
75 Spring Street, Suite 362
Atlanta, GA 30303

Executed on  July 23, 2010          By:  /s/ Susan S. Blum
                                          Susan S. Blum
                                          Georgia Bar 111315

GINSBERG LAW OFFICES, P.C.
1854 Independence Square
Atlanta, GA 30338
(770) 393-4985

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

IN THE MATTER OF:

DANIEL MAXIM DADOUN            )
                               )  Chapter 7
    Debtor/Movant.             )
                               )  Case No. 10-80427
vs.                            )
                               )  Judge Joyce Bihary
DISCOVER BANK                  )
                               )
    Respondent.                )
                               )

## ORDER AVOIDING JUDICIAL LIEN

Before the Court is Debtor's Motion to Avoid lien of DISCOVER BANK, as provided for by 11 U.S.C. §522(f) and Federal Rule of Bankruptcy Procedure 4003(d). Respondent failed to file a timely response and, thus, the motion is deemed to be unopposed. See BLR 6008-2, NDGa.

Accordingly, because Respondent, whose lien is sought to be avoided, failed to controvert timely Movant's allegations, it is

ORDERED that the judicial lien held by Respondent DISCOVER BANK upon property of Movant DANIEL MAXIM DADOUN is AVOIDED to the extent that such lien impairs an exemption to which Movant would have been entitled pursuant to 11 U.S.C. §522(b).

The Clerk is directed to serve copies of this Order upon Movant, Respondent, their respective counsel, and the Trustee.

IT IS SO ORDERED, at Atlanta, Georgia this _____ day of _____, 2010.

_____
JOYCE BIHARY
UNITED STATES BANKRUPTCY JUDGE